IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOE, individually and on behalf
of all others similarly situated,

                  Plaintiff,                 OPINION AND ORDER

    v.                                       23-cv-694-wmc

GUNDERSEN LUTHERAN HEALTH
SYSTEM, INC. and DOES 1-20,

                  Defendants.

---

Invoking the federal officer removal statute, 28 U.S.C. § 1442(a)(1), defendant Gundersen Lutheran Health System, Inc. removed this case from state court. This court granted plaintiff's motion for remand for lack of subject matter jurisdiction on February 8, 2024. (Dkt. #15.) Defendant now moves to stay the court's remand order for 30 days under Federal Rule of Civil Procedure 62(a) to give it time to appeal, to which plaintiff has objected. (Dkts. #17, 18.)

While a remand order is generally not appealable, an exception exists for cases asserting federal officer jurisdiction as a basis for removal. *See* 28 U.S.C. § 1447(d) ("an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise"); *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1546 (2021) (Under § 1442, "Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court"). Because a judgment "includes . . . any order from which an appeal lies," Fed. R. Civ. P. 54(a), the court's order of remand appears to be subject to an automatic 30-day stay of "execution on a judgment and proceedings to enforce it" under Rule 62(a).

*See Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 371 (5th Cir. 2023) (a remand order appealable under § 1447(d) "is treated like any other final judgment").

Regardless, defendant's motion for a 30-day stay (dkt. #17) is GRANTED and this court's order of remand (dkt. #15) is **STAYED until March 11, 2024**. *E.g.*, *Horton v. Willis-Knighton Medical Center*, Case No. 23-cv-314, dkt. #44 (W.D. La.) (granting defendant's motion for a temporary stay of the order remanding case removed under § 1442); *West Va. St. Univ. Bd. of Governors v. Dow Chem. Co.*, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance."). The clerk of court is directed not to execute the remand order until expiration of the stay and advise the La Crosse County Circuit Court in La Crosse, Wisconsin, of this stay.

Entered this 16th day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge