IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOE, individually and on behalf
of all others similarly situated,

                Plaintiff,             OPINION AND ORDER

   v.

                                      23-cv-694-wmc

GUNDERSEN LUTHERAN HEALTH
SYSTEM, INC. and DOES 1-20,

                Defendants.

---

Invoking the federal officer removal statute, 28 U.S.C. § 1442(a)(1), defendant Gundersen Lutheran Health System, Inc., attempted to remove this case from state court. After returning the case back to state court for lack of federal jurisdiction, this court granted defendant's motion for a 30-day stay of the remand order under Federal Rule of Civil Procedure 62(a). (Dkt. #17.) Defendant now moves for an indefinite stay of the court's remand order pending appeal, to which plaintiff objects. (Dkts. #23, 26.) For the reasons that follow, the court will deny that motion.

Four factors are pertinent to the matter: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Epenscheid v. DirectSat USA, LLC*, No. 09-cv-625-bbc, 2011 WL 2132975, at *2 (W.D. Wis. May 27, 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The court uses a "sliding scale" approach: the greater the moving parties' likelihood of success on the

merits, the less heavily the balance of harms must weigh in their favor, and vice versa. *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014).

As the court explained in its remand order, defendant's theory that a private hospital can invoke federal officer removal under 28 U.S.C. § 1442(a)(1) for a dispute concerning its online patient portal is questionable and against the tide of district court opinions to the contrary. (Dkt. #15 at 5-6.) Even acknowledging the two, early decisions that found federal officer removal appropriate in these circumstances, those decisions have now been rejected by district court across the country, including this court. (*Id.* at 8-9.) Accordingly, the court concludes that defendant has little likelihood of success on appeal.

As for the second factor, defendant cannot demonstrate *irreparable* harm. A denial of a stay simply means that this matter proceeds in state court, instead of being held up in federal court pending an appeal that defendant will likely lose. Defendant notes that it will have to pay litigation costs in both federal appellate and state court, but "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) (citation omitted); *see also Adkins v. Nestle Purina Petcare Co.*, 779 F.3d 481, 483 (7th Cir. 2015) ("It is established that the costs of ongoing litigation . . . are not irreparable injury.").

Relatedly, defendant argues judicial economy in support of the fourth factor requiring consideration of the public interest, noting that Congress has allowed for appellate review of remand orders in federal officer removal cases and that the specific issue presented in this case is already before the Seventh Circuit as a consolidated appeal -- *Elkins v. Southeastern Indiana Health Management, Inc.*, Nos. 23-3159, 23-3175, 23-3340, 23-3340,

and 23-3385. Defendant adds in reply that the Seventh Circuit is "in a position to rule on the consolidated appeal in the near future" and appears poised to suspend briefing in defendant's appeal pending that ruling. *See Doe v. Gundersen Lutheran Health System, Inc.*, No. 24-1378, dkt. #3 (ordering the parties to file a statement explaining their positions on whether briefing should be suspended pending a decision in *Elkins*). However, this cuts mainly against defendant's stay motion, since (1) the issue of the applicability of the federal removal statute to circumstances like those in this case will soon be resolved regardless of whether defendant appealed; *and* (2) with briefing suspended, defendant is unlikely to incur substantial litigation costs on appeal to get an answer. Moreover, *none* of the remand orders on appeal in *Elkins* were stayed by the district courts as of the date of this order. *See Lamarr v. Goshen Health System, Inc.*, No. 23-cv-1173-JRS-MJD, dkt. #47 (S.D. Ind. Feb. 21, 2024) (denying motion to stay the remand order); *Elkins v. Southeastern Indiana Health Management Inc. D/B/A Columbus Regional Health*, No. 23-cv-1117-JRS-TAB, dkt. #44 (S.D. Ind. Feb. 21, 2024) (same); *Fleece v. Bd. of Trustees of the Hancock Regional Hospital*, No. 23-cv-1235-MPB-TAB, dkt. #43 (S.D. Ind. Dec. 11, 2023) (same); *Doe v. Sarah Bush Lincoln Health Center*, No. 23-cv-2170-CSB-EIL, dkt. #19 (C.D. Ill. Nov. 20, 2023) (same); *Chiaro v. The Methodist Hospitals, Inc.*, No. 23-cv-1051-SEB-CSW (S.D. Ind.) (no stay order issued, litigation is ongoing in Indiana state court). As a result, defendant has not established that a stay would harm it or the public interest.

Finally, the third factor also favors a stay because Doe and his putative class (likely consisting of many Wisconsin citizens) have a legitimate interest in continuing discovery while delay of the state court proceeding only benefits defendant. *See Martin v. Frankling*

*Cap. Corp.*, 546 U.S. 132, 140 (2005) (noting that unfounded removal of a case to federal court only to have it remanded back "delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources").

Accordingly, defendant's motion for leave to file a reply (dkt. #28) is GRANTED and its motion for a stay (dkt. #23) is DENIED.

Entered this 25th day of March, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge